**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-0713-TUC-FRZ (BGM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Gabriel Rivero, | |
| Defendant. | |

Currently pending before the Court is Defendant Gabriel Rivero's Motion to Sever Felon in Possession Charge (Doc. 31). The Government has filed its Response. Govt.'s Response to Def.'s Mot. to Sever Felon in Possession Charge (Doc. 34). Defendant replied (Doc. 35).

Pursuant to LRCrim. 5.1, this matter came before Magistrate Judge Macdonald for oral argument and a report and recommendation. On October 13, 2016, oral argument was held before Magistrate Judge Macdonald regarding Defendant's motion. Minute Entry 10/13/2016 (Doc. 41). The Magistrate Judge recommends that the District Court, after its independent review, grant Defendant's motion.

## I. FACTUAL BACKGROUND

### A. *Prior Convictions*

On February 14, 1994, Defendant Gabriel Rivero, was convicted of two counts of felony Aggravated Assault in Santa Cruz County Superior Court, Arizona, case number 93-R-275. Govt.'s Response (Doc. 34) at 1. On January 20, 2009, Defendant was convicted of felony Attempted Kidnapping in Santa Cruz County Superior Court, case number CR-08-215. Govt.'s Response (Doc. 34) at 1. On August 13, 2009, Defendant was convicted of felony Conspiracy to Possess with Intent to Distribute Approximately 273.7 Kilograms of Marijuana in the United States District Court, District of Arizona. USDC Case No. CR-08-0771-TUC-FRZ (HCE), Judgment in a Criminal Case (Doc. 106).

### B. *2016 Arrest*

On February 11, 2016, at the Mariposa Port of Entry in Nogales, Arizona, the Defendant attempted to exit the United States and enter the Republic of Mexico as the driver and sole occupant of a pickup truck. Complaint (Doc. 1) at 1. As Defendant was approximately seventy-five (75) yards from the International Boundary and within the Port of Entry, a spare tire fell from underneath the vehicle. *Id.* Defendant stopped, exited the vehicle, and attempted to pick up the spare tire from the ground. *Id.* He was unable to do so, and abandoned the spare tire and proceeded to exit the United States and enter Mexico in the vehicle. *Id.* United States Customs and Border Protection Officers inspected the spare tire and discovered 5,441 rounds of pistol and rifle ammunition concealed within the tire. *Id.* On March 12, 2016, Defendant entered the United States at

the DeConcini Port of Entry in Nogales, Arizona. Complaint (Doc. 1) at 1. He was detained and subsequently interviewed by law enforcement. *Id.* Defendant stated that he was to be paid $500 to transport the ammunition hidden in the spare tire from the United States into Mexico on February 11, 2016. *Id.* Defendant did not have a license to export the ammunition from the United States to the Republic of Mexico. *Id.*

Defendant was indicted on one count of Smuggling Goods from the United States (Count 1) and one count of Possession of Ammunition by a Convicted Felon (Count 2). *See* Indictment (Doc. 8).

## II.   ANALYSIS

Defendant seeks severance of the smuggling charge from the felon-in-possession count. Def.'s Mot. to Sever (Doc. 31) at 3–5. The Government argues that a limiting jury instruction would sufficiently protect against any danger of undue prejudice. Govt.'s Response (Doc. 34) at 3.

Rule 8, Federal Rules of Criminal Procedure provides in relevant part:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). Defendant was allegedly paid to smuggle the tire filled with ammunition across the border. *See* Indictment (Doc. 8). Moreover, Defendant does not contest the joinder. As such, the Court finds that the two counts are properly joined under Rule 8.

Rule 14, Federal Rule of Criminal Procedure provides in relevant part that:

> If the joinder of offenses or defendants in an indictment, an information, or a

> consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). The Ninth Circuit Court of Appeals has unequivocally stated "that the practice of consolidating 'felon in possession charges' without properly safeguarding the defendant from the prejudicial effect of introducing evidence of the prior felony with other unrelated felony charges is not looked upon with favor by this Circuit." *United States v. Nguyen*, 88 F.3d 812, 815 (9th Cir. 1996). Furthermore, "[t]here is a high risk of undue prejudice whenever . . . joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible." *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986) (internal quotations and citations omitted); *see also United States v. VonWillie*, 59 F.3d 922, 929–30 (9th Cir. 1995).

Here, Defendant Rivero has multiple prior felony convictions. Count 1, the smuggling charge, does not require proof of a felony conviction, although Count 2, the felon-in-possession charge does. The Court is mindful that "[t]he danger that a jury will infer present guilt from prior convictions cannot be ignored[.]" *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986). Although the strength of the evidence against Defendant for the smuggling is somewhat strong, defense counsel indicated at oral argument that there is a dispute regarding whether or not Defendant knew that the goods contained in the tire were ammunition. Further, the Ninth Circuit Court of Appeals "remain[s] skeptical of the efficacy of [] [limiting jury] instructions no matter when they are given." *Nguyen*, 88 F.3d at 817. "[S]everance or bifurcation is the preferred alternative[.]" *Id.* at 818. As such, the Court finds it appropriate to adopt severance here. Accordingly, the Court recommends granting Defendant's motion to sever.

. . .

- 4 -

## IV.  RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Judge GRANT Defendant Gabriel Rivero's Motion to Sever Felon in Possession Charge (Doc. 31).

Pursuant to 28 U.S.C. §636(b) and Rule 59(b)(2) of the Federal Rules of Criminal Procedure, any party may serve and file written objections on or before **November 23, 2016**.  Responses to any objection shall be filed on or before **December 7, 2016**.  No reply shall be filed unless leave is granted from the District Court.  If objections are filed, the parties should use the following case number: **CR-16-0713-TUC-FRZ**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge in accordance with Fed. R. Crim. P. 59 may result in waiver of the right of review.

Dated this 10th day of November, 2016.

Honorable Bruce G. Macdonald
United States Magistrate Judge